## BIELSCHOFSKY v. PEOPLE.

*Criminal law — False pretenses — proof of falsity — one material pretense suffi-
cient — Evidence — of former similar act.*

An indictment for false pretenses set out several representations, each of which
was averred to have been false and fraudulent. *Held,* that it was suffi-
cient to sustain a conviction to show the falsity of any one of the alleged pre-
tenses which induced the complainant to part with money. *Held,* also, that
if the jury were satisfied of the existence of a conspiracy to defraud com-
plainant, and had proof that a material portion of the representations made in
carrying it into effect were false, they might properly find in the absence of all
explanation, that the other statements were made for the same purpose and
were also untrue.

Evidence that the prisoner, together with one indicted jointly with him, prac-
ticed the same fraud on another person a day or two prior to the commis-
sion of the offense charged in the indictment, *held,* admissible to show
the intent of the accused in the particular offense charged, and also the known
falsity of the pretenses made.

ERROR to the New York general sessions to review the conviction
of Ferdinand Bielschofsky, the plaintiff in error.

The plaintiff in error was convicted of the offense of procuring
from one Catherine Wulff, $150 upon certain false pretenses. The
pretenses charged in the indictment, which was against plaintiff in
error and two others jointly, were that one of those indicted repre-
sented to said Catherine Wulff that certain watches were gold and
of the value of $287, upon the security of which she loaned the $150;
that the watches were of little or no value, being of metal made to
imitate gold ; that at the time the persons indicted represented that
the one who obtained the money upon the watches, had several
cases of silk goods in the custom house, which would be sold unless
the duties were immediately paid, and that the money was borrowed
in order to pay such duties, and that this representation was also
untrue.

Such other facts as are material fully appear in the opinion.

*Wm. F. Kintzing,* for plaintiff in error.

*Benj. K. Phelps,* district attorney, for the people.

DAVIS, P. J. The plaintiff in error was indicted jointly with two
other persons, for obtaining $150 from one Catharine Wulff by

means of false pretenses and representations. The indictment set out several alleged representations, each of which was averred to have been false and fraudulent. The evidence tended to show the making of the several representations, but no direct evidence was given of the falsity of but one. The court was asked to direct an acquittal, on the ground that the prosecution had not negatived the allegation that one of the parties had goods at the custom house which were held for non-payment of duties, and would be sold if the duties were not paid thereon on that day.

The court held in substance that it was sufficient to show the falsity of any one of the alleged pretenses, which induced the complainant to part with her money. We think the ruling was correct. It was sufficient to show that one or more of the material representations alleged was false and fraudulently made, provided it was proved to the satisfaction of the jury that such representation was a substantial inducement to the parting with the money. *People* v. *Haynes*, 11 Wend. 557; *People* v. *Herrick*, 13 id. 87; *Fowler* v. *People*, 18 How. 493.

Besides, it could hardly be said with accuracy that there was no evidence tending to show that the other representations were not also false and fraudulently made; because evidence was given proper for the consideration of the jury, tending to establish a conspiracy on the part of all the persons indicted, to obtain Mrs. Wulff's money by false pretenses. And if the jury were satisfied of the existence of such a conspiracy, and had proof that a material portion of the representations made in carrying it into effect were false, they might properly find, in the absence of all explanation, that the other statements were made for the same purpose and were also untrue. The conduct and declarations of the several parties, together with the proof showing that one of them, with the prisoner, went through the same performance two days before, for the purpose of getting money from another woman; and the veri-similitude of their acts and statements on both occasions, were quite enough, we think, to justify the court in submitting to the jury whether or not the whole story was not a preconcerted scheme to accomplish a criminal purpose.

The other point made in the case is upon the admissibility of the evidence, showing that the plaintiff in error, together with one of his co-indictees, practiced the same fraud on another person a day or two prior to the commission of the offense charged in the indict-

ment in which the prisoner acted the same part played by another on the occasion of obtaining the money of Mrs. Wulff.

It seems to be supposed by the learned counsel for the plaintiff in error that this evidence was given to affect the general character of his client. It was offered for no such purpose. It is well settled that evidence of the general bad character of the accused cannot be given on the trial unless he first opens the door by giving evidence of his general good character. But this rule does not go the length to exclude evidence given for other and competent purposes, because its incidental or indirect effect may be to prejudice the character of the accused in the minds of the jury. Such a rule would exclude proof of the crime charged in the indictment, because it might be well argued that proof of the party's crime could not be given without impairing to a greater or less extent the value of his presumed good character.

The evidence offered of the previous like transactions of the accused was given to show the *quo animo* or intent of the accused in the particular offense charged, and also, as tending to show the known falsity of the pretexts upon which the money of Mrs. Wulff was obtained. For these purposes we think it was competent; and the effect to which it was entitled was left by the court fairly and entirely to the jury. The cases are very numerous which uphold with more or less directness the propriety of such evidence. See Wharton's Crim. Law (6th ed.), § 650; *Wood* v. *United States*, 16 Pet. 360; *Commonwealth* v. *Tuckerman*, 10 Gray, 173; *Copperman* v. *People*, 3 N. Y. Sup. 199, and cases there cited; 3 Greenl. Ev. § 15.

The judgment must be affirmed.

*Judgment affirmed.*